**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN BLACKBURN,
Plaintiff-Appellant,

v.

No. 98-1530

KENNETH S. APFEL, Commissioner of
Social Security,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CA-96-2039-3)

Submitted: January 29, 1999

Decided: February 18, 1999

Before ERVIN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rose A. Cyrus, ROBINSON, RICE & LEVY, L.C., Huntington, West
Virginia, for Appellant. James A. Winn, Chief Counsel, Region III,
Nora Koch, Assistant Regional Counsel, Office of the General Coun-
sel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Penn-
sylvania; Rebecca Betts, Unites States Attorney, Ray M. Shepard,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Blackburn appeals the district court's order adopting the recommendation of the magistrate judge and granting summary judgment to the Commissioner in this action challenging the denial of disability insurance benefits. Because we find that substantial evidence supports the denial of benefits and that the correct law was applied, see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), and because Blackburn has waived appellate review as to one of his claims, we affirm the district court's order.

Blackburn filed his application for benefits in March 1993, alleging disability beginning in February 1993 as a result of a heart condition and pneumoconiosis. On appeal from an initial and reconsidered denial, an administrative law judge (ALJ) conducted a hearing and concluded that although Blackburn suffered from severe impairments and was unable to perform his past work as a heavy equipment operator at a strip mine, he had the residual functional capacity for a limited range of medium level work. The ALJ thus found Blackburn not disabled.

Blackburn first contends that the ALJ improperly relied on an inadequate report by Dr. McWhorter, a specialist in cardiovascular diseases and internal medicine. The record discloses that because the only evaluation of Blackburn's residual functional capacity in the record was completed in 1993 and because it concluded there were no limitations on Blackburn's ability to work, the ALJ asked McWhorter to review the entirety of the evidence and to provide an expert medical opinion as to Blackburn's impairments, their severity, and their impact on his ability to engage in employment. See 20 C.F.R. § 404.1527(f)(2) (1998).

Blackburn insists that McWhorter's assessment was inconsistent with the evidence from examining physicians in several respects. He

2

first points out that McWhorter stated in his report that Blackburn had "mild to moderate" sensorineural hearing loss greater on the right than the left when examining otolaryngologist Dr. Joseph B. Touma reported he had "moderate to severe" hearing loss and advised he should wear hearing protection anytime he is around noise. While the record confirms the diagnosis was moderate to severe hearing loss rather than mild to moderate hearing loss, we find the limitations resulting from the hearing impairment at either level adequately accounted for by McWhorter in his residual functional capacity assessment limiting Blackburn's exposure to noise.

Blackburn next claims that McWhorter's statement that Blackburn could stand or walk for four to six hours per day at one hour intervals is inconsistent with the medical evidence. The record belies this contention. In a June 1993 report, examining neurologist Dr. LaRouche indicated that although Blackburn had arthritis, he noted no arthritic changes in the right arm and shoulder and stated that there appeared to be a full range of motion. Pursuant to another evaluation, Dr. Orphanos, an orthopaedic surgeon, reported that Blackburn had normal gait, bulk, tone and power in all of his extremities. Although Blackburn had diffuse tenderness and limited range of motion in his back, he walked without any limp or difficulty, had no atrophy in his lower extremities, and demonstrated no significant difference in strength in his right foot compared to his left.

This evidence supports McWhorter's assessment that Blackburn could stand or walk on the job and thus supports the ALJ's finding that McWhorter's report was not inconsistent with the evidence. The ALJ noted that while McWhorter failed to list pneumoconiosis as one of Blackburn's impairments, he did note restrictions in his assessment that took the condition into account. In any event, as the ALJ observed, Blackburn's pulmonary function studies were normal, indicating that he had no impairment of pulmonary function. Most significant, none of the examining physicians found Blackburn to be disabled or unable to work, and the ALJ found Blackburn's subjective complaints not entirely credible because they were somewhat inconsistent with the medical evidence. While there is evidence in the record that Blackburn suffers a variety of health problems, we conclude that substantial evidence supports the ALJ's finding, appropri-

ately based on McWhorter's report, that Blackburn is not disabled. See Hays, 907 F.2d at 1456.

Finally, Blackburn contends that the ALJ's hypothetical question to the vocational expert was defective. A review of the record discloses that Blackburn failed to timely object to the magistrate judge's finding on this issue despite a warning that such failure would waive appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984). Accordingly, we find Blackburn has waived review of his challenge to the ALJ's questioning of the vocational expert.

We therefore affirm the district court's order granting summary judgment to the Commissioner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4